UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS

DOMINIC YORK                                NO. 17-00086-BAJ-RLB

**RULING AND ORDER**

Before the Court are Defendant's **Motions To Modify His Sentence (Docs. 79, 82), Motion For Appointment of Counsel Regarding Compassionate Release Under the Cares Act (Doc. 78) and the United States' Motion to Enroll Counsel (Doc. 80)**. The Government opposes Defendant's First **Motion To Modify His Sentence (Doc. 79)**. For the following reasons, both Parties' Motions will be denied.

**I.   BACKGROUND**

On February 2, 2018, Defendant entered pleas of guilty to Count 2 of a Superseding Indictment, charging him with possession with intent to distribute crack cocaine and cocaine in violation of 21 U.S.C. § 841(a)(1), and Count 3, possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). (Doc. 46).

On April 26, 2018, the Court entered its judgment sentencing Defendant to a term of imprisonment of 106 months. (Doc. 58).

On May 3, 2018, Defendant appealed his conviction. On August 7, 2018, the United States Court of Appeals for the Fifth Circuit effectively denied his appeal by granting a Motion to Dismiss his appeal pursuant to Fed. R. App. P. 42. (Doc. 73).

Defendant is currently incarcerated at the Bureau of Prisons (BOP) Federal Prison Camp in Pensacola, Florida (FPC). His projected release date is April 8, 2025.[1]

Although Defendant indicates that he is "not requesting a Compassionate Release [and that this Motion] is a [r]equest [for] a [m]odification of [s]entence by way of [r]eduction," it will be construed as such. (Doc. 82 at 1). Defendant relies on 18 U.S.C. § 3582, the statute which modifies an imposed term of imprisonment (sometimes known as Compassionate Release) as his authority to seek an early release from BOP custody. (Doc. 82 at 1).

## II. ANALYSIS

### A. Standard

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). "A district court may grant a motion for a reduced sentence if (1) 'extraordinary and compelling reasons warrant such a reduction,' (2) the reduction is 'consistent with applicable policy statements issued by the Sentencing Commission,' and (3) the reduction is appropriate in light of [18 U.S.C. 3553(a)] sentencing factors." *United States v. Black*, No. 05 CR 70-4, 2024 WL 449940 at *3 (N.D. Ill. Feb. 6, 2024) (citing *United States v. Williams*, 65 F. 4th 343, 346 (7th Cir. 2023)) (quoting 18 U.S.C. § 3353 (c)(1)(A)). "Congress directed the [Sentencing] Commission to 'describe what should be considered extraordinary and compelling reasons for a sentence reduction, including the criteria to be applied and a list of specific examples.'" *Black*,

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited Jul. 18, 2024).

2024 WL 449940 at *8 (quoting 18 U.S.C. §994(t)). "Except specifying that '[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason' . . . 'Congress has provided little statutory guidance.'" *Black* 2024 WL 449940 at *8 (quoting *Williams*, 65 F.4th at 346). (internal citations omitted). Although the Supreme Court held in *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244, 2247 (2024) that "[C]ourts may not defer to an agency interpretation of the law simply because a statute is ambiguous," the Sentencing commission "is [] not a traditional administrative agency—the Commission is 'judicial in nature' while the 'the role of other federal agencies is typically executive.'" *See also United States v. Dupree*, 57 F.4th 1269, 1284 (11th Cir. 2023) (quoting *United States v. Moses*, 23 F.4th 347, 355 (4th Cir. 2022)). More importantly:

> [T]he Commission promulgates guidelines, not ordinary administrative rules. That distinction is fundamental. Administrative rules exist "not just to inform and guide but also to regulate the broad range of people covered by the particular agency's jurisdiction." *Id.* The Guidelines, on the other hand, guide courts—they "do not bind or regulate the primary conduct of the public."

*United States v. Dupree*, 57 F.4th 1269, 1284 (11th Cir. 2023) (citing *Mistretta v. United States*, 488 U.S. 361, 396, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989)).

When, as here, a defendant files a motion for compassionate release on his own behalf, the Court's discretion "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). "Although *not* dispositive, the commentary to the . . . Sentencing Guidelines . . . informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v.*

3

*Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).

U.S.S.G §1B1.13(B)(6) provides that extraordinary and compelling reasons include:

> (d) Rehabilitation of the Defendant--Pursuant to 28 U.S.C. 994(t) rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

U.S.S.G. 1B1.13.

Moreover, a defendant may seek the appointment of counsel to assist with a compassionate release under the Cares Act; however, "[a] civil rights complainant has no right to the automatic appointment of counsel." *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). "A trial court is not required to appoint counsel for an indigent plaintiff asserting an action under 42 U.S.C. § 1983 unless the case presents exceptional circumstances." *Branch v. Cole*, 686 F.2d 264, 265 (5th Cir. 1982). However, "[a] federal court has *discretion* to appoint counsel if doing so would advance the proper administration of justice." *Ulmer*, 691 F.2d at 213 (citing 28 U.S.C. § 1915(d) (1976)) (emphasis added).

A defendant seeking relief under 28 U.S.C. § 2255(b) must plead sufficient facts to establish a prima facie case of a constitutional violation. *United States v. Woods*, 870 F.2d 285, 287 (5th Cir. 1989). "[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* at 288 n.3.

Nevertheless, relief under Section 2255 is subject to a one-year period of

4

limitation, which runs from the "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f). A conviction is final when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987). "The one-year limitations period is not jurisdictional and may be equitably tolled." *United States v. Martinez*, 596 F. App'x 333, 335 (5th Cir. 2015) (citing *Holland v. Florida*, 560 U.S. 631, 645–48 (2010)). Equitable tolling only applies, however, when the Petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649). "Equitable tolling 'turns on the facts and circumstances of each particular case' and 'does not lend itself to bright-line rules.'" *United States v. Perkins*, 481 F. App'x 114, 117 (5th Cir. 2012) (quoting *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999)).

**B. Discussion**

After Defendant's first Motion (Doc. 79) was filed, the United States opposed it, alleging that Defendant did not exhaust all of his administrative remedies pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 81 at 2). "Prior to the passage of the First Step Act of 2018 [], federal courts lacked the power to adjudicate motions for compassionate release. Now [] a 'court . . .may reduce the term of imprisonment' upon request of an inmate.'" *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020). *See also* 18 U.S.C. § 3582(c)(1)(A)(i). Courts may hear requests:

> [U]pon motion of the [Director of the Bureau of Prisons, or upon motion] of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of Bureau of Prisons to bring a

5

motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

*Id. at 467* (quoting 18 U.S.C. § 3582(c)(1)(A)(i))

Nothing in the record indicates that the Defendant initially made a request to BOP to bring a motion on his behalf prior to bringing his motion before the Court. Nor does the Defendant deny the Government's assertions of the same. *See Franco* at 468 (explaining that "The statute's language is mandatory. Congress has commanded that a 'court *may not* modify a term of imprisonment' if a defendant has not filed a request with BOP.") (emphasis in the original). *See also Id.* at 467 (finding that "[T]he provision instructs a defendant to either 'fully exhaust [] all administrative rights to appeal' the BOP's failure to bring a motion or wait for thirty days after the warden's receipt of the request before filing a motion in federal court."). For this reason, Defendant's first Motion (Doc. 79) seeking modification of his sentence will be denied.

In his second Motion (Doc. 82), Defendant reurges the same claims asserted in his first Motion. He asserts that he is "ineligible" to receive credit for the First Step Act and therefore he "cannot earn time credits for the various time credits for the classes and programs he has completed." (Doc. 81 at 2). (*See also* Doc. 79 at 2). Thus, Defendant seeks "mercy from the [Court] to grant a modification of his sentence." (Doc. 79 at 3). Additionally, Defendant claims that "do [sic] to past convictions of small quantities of drugs [his] sentence was amplified" [and] "[t]here are [several acts] that will help rectify [his] situation, but that may take months or years." (Doc. 82 at 1, 2).

Because Defendant does not provide any extraordinary or compelling reasons

6

other than rehabilitation to justify an early release under 18 U.S.C. § 3582(c)(1)(A)(i), his second motion to modify the sentence imposed against him (Doc. 82), will also be denied.

Accompanying his motions to modify his sentence, Defendant also petitions the Court for the appointment of counsel in his efforts to seek a "compassionate release under the Cares Act." (Doc. 78). However, Defendant provides no other support for his motion. Because the Court has determined that Defendant has not successfully shown the existence of extraordinary or compelling circumstances that warrant a compassionate release, the Court likewise finds that the appointment of counsel in this matter would not advance the proper administration of justice. Thus, Defendant's Motion for Appointment of Counsel Regarding Compassionate Release Under the Cares Act (Doc. 78) will likewise be denied.

Finally, Defendant challenges the validity of his sentence in a pleading styled, "Motion For Breach Of Contract" (Doc. 77), which the Court will construe as a habeas corpus petition under 28 U.S.C. § 2255. However, Defendant does not allege any constitutional violations that would warrant his release under 28 U.S.C. § 2255(b). Instead, he asserts that the day "BRPD raided [the] apartment . . . [he] wasn't at [the] residence . . . [and] [t]he only reason that [he] said the drugs [were his, was] because [he wanted to assist] a lady fried [sic] from not going to jail." (Doc. 77 at 1). Furthermore, Defendant alleges that he entered his guilty plea because his lawyer "told [him] that if [he] didn't make [his] plea sound believable [the Court] wasn't going to except [sic] [his] plea [and] give [him] 3pts for excepting [sic] responsibility." (*Id.*).

At his rearraignment, Defendant was placed under oath and questioned by the Court. (Doc. 45). He withdrew his pleas of not guilty and entered pleas of guilty to counts 2 and 3 of the Superseding Indictment. (*Id.*). In his Motion, Defendant admits that he was aware that he had an obligation to be truthful to the Court throughout his rearraignment. (*See* Doc. 77 at 1).

Here, Defendant does not assert a claim for ineffective assistance of counsel. Rather, he now claims that he "lied" (Doc. 77 at 1) because his lawyer advised him that if he did not accept responsibility for the crimes, his offense level likely would not be reduced by three points. The Court in *Ausburn* found that:

> [f]or a petitioner to establish counsel was ineffective, he . . . must show counsel's performance (i) was in fact deficient and (ii) that the deficient performance so prejudiced the defense as to raise doubt to the accuracy of the outcome of the trial [or the sentence]; i.e., petitioner must demonstrate a reasonable probability that, but for counsel's deficiency, the outcome of the trial [or sentence] would have been different.

*Ausburn* at *3 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

If, in fact, Defendant's counsel offered such advice, such a statement is an accurate statement of the law and would not be considered "deficient." Defendant cannot point to any actions taken by his *Counsel* that would affect the outcome of his conviction and sentence, because he cannot identify any constitutional violations that would warrant his release based on a claim of attorney ineffectiveness. As such, his Motion for Breach of Contract (Doc. 77) will be denied.

Moreover, his claim that he provided false testimony at his rearraignment, without more, lacks credence. *See United States v. Labee*, No. CV 13-155, 2016 WL 7178481 at *6 (E.D. La. Dec. 9, 2016) (finding that although the defendant "admitted

8

and acknowledged under oath at the rearraignment" that he made false statements to the grand jury his argument was meritless to establish ineffective assistance of counsel because he could not show that the actions of his counsel would have resulted in a different outcome.). *See also United States v. Ray,* No. CR 11-19, 2015 WL 7451194 at *5 (E.D. La. Nov. 23, 2015) (citing *United States v. Cervantes,* 132 F.3d 279, 283 (5th Cir. 1998)) (where the court found that "[A] defendant typically will not be given the opportunity to refute testimony that he gave at a plea hearing while under oath."). *See also Id.* (quoting *United States v. Cothran,* 302 F.3d 279, 283, (5th Cir. 2002)) (explaining that "The Fifth Circuit has given 'great weight to the defendant's statements at the plea colloquy.'").

Finally, Defendant's request for a sentence reduction under Section 2255 is untimely. As previously noted, the Court entered its judgment sentencing Defendant to a term of imprisonment of 106 months on April 26, 2018. (Doc. 58). On August 7, 2018, the United States Court of Appeals for the Fifth Circuit effectively denied his appeal. (Doc. 73). Defendant filed this action two years later on September 24, 2020. (Doc. 77). Because more than one year has passed after his judgment and the availability of his appeal became final, Defendant's Motion is untimely and must be denied.

## III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the Defendant's **Motions To Modify Sentence (Docs. 79, 82)** be and are hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's **Motion for Appointment**

of Counsel Regarding a Compassionate Release Under the Cares Act (Doc. 78) be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the **United States' Motion to Enroll Counsel (Doc. 80)** be and is hereby **DENIED as MOOT**.

**IT IS FURTHER ORDERED** that Defendant's **Motion For Breach of Contract (Doc. 77)** be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 13th day of August, 2024

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**